**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4036**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS RAY HOUSTON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:21-cr-00021-JPJ-PMS-1)

---

Submitted:  August 31, 2023                          Decided:  October 13, 2023

---

Before THACKER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** Juval O. Scott, Federal Public Defender, Charlottesville, Virginia, Matthew Hill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant. Christopher R. Kavanaugh, United States Attorney, Roanoke, Virginia, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Ray Houston appeals from his sentence imposed pursuant to his revocation of supervised release. The district court sentenced Houston to the statutory maximum 24 months in prison followed by 12 months of supervised release. On appeal, Houston challenges the Sentencing Guidelines policy statements on supervised release and avers that his sentence is plainly unreasonable. We affirm.

Congress enacted a supervised release revocation regime that directs consideration of a limited set of sentencing factors, which did not include the seriousness of the offense, promotion of respect for the law, or just punishment. *See United States v. Webb,* 738 F.3d 638, 642 (4th Cir. 2013) (noting that a court may not impose a revocation sentence "based predominately" on factors not referenced in 18 U.S.C. § 3583(e)). Congress directed the Sentencing Commission to implement that policy in setting guidelines for revocations of supervise release. 28 U.S.C. § 994(a)(3). However, Houston avers that the Sentencing Commission went beyond its mandate and, in Chapter Seven, reintroduced those forbidden factors under the guise of sanctioning a breach of trust. *See Webb,* 738 F.3d at 641 (explaining that "Chapter Seven instructs that, in fashioning a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" (citing 18 U.S.C. § 3583(e)). Because imposing a sanction for a breach of trust is not an enumerated factor, and is similar to the forbidden factors, Houston contends that Chapter Seven of the Sentencing Guidelines is void.

2

Below, Houston did not challenge Chapter Seven or the court's consideration of allegedly inapplicable sentencing factors in determining his sentence. Accordingly, we review these claims for plain error. *United States v. Hargrove*, 625 F.3d 170, 183-84 (4th Cir. 2010) (holding that plain error is proper standard of review for claim, raised for the first time on appeal, that the district court committed substantive error by considering an improper sentencing factor). Under the plain error standard, Houston must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). When these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732 (internal quotation marks omitted).

We have repeatedly held that revocation sentences are intended to sanction the abuse of the court's trust. *See, e.g., United States v. Bennett,* 698 F.3d 194, 202 (4th Cir. 2012) (noting that "egregious breach of trust" was "perfectly appropriate basis" for sentence); *United States v. Woodrup*, 86 F.3d 359, 361 (4th Cir. 1996) (explaining that revocation sentence punishes defendant for failing to abide by conditions of supervision). Moreover, Houston does not cite to any other case ruling that Chapter Seven is void or otherwise inappropriate. While we have not addressed the argument raised by Houston, given the lack of legal support, any error regarding the validity of Chapter Seven could not be considered "plain." *See United States v. Seignious,* 757 F.3d 155, 160-61 (4th Cir. 2014) (holding that, for error to be plain, error must be "clear" or "obvious"). Houston does not

3

dispute this conclusion and, in fact, does not address the plain error standard. As such, Houston has not made a sufficient showing for relief.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, we "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). To determine whether a revocation sentence is plainly unreasonable, we "first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* In doing so, we apply the same general considerations used in evaluating original criminal sentences, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (internal quotation marks omitted). Only if we conclude that a revocation sentence is procedurally or substantively unreasonable will we consider whether the sentence "is plainly so." *Id.* at 208 (internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* at 207 (footnote omitted); *see* 18 U.S.C. § 3583(e) (listing § 3553(a) factors relevant to revocation sentences). Although the sentencing court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence," "it still must provide a statement of reasons for the sentence imposed." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted). Indeed, a revocation sentence "need

4

not always be accompanied by a fulsome explanation for [the court's] acceptance or rejection of the parties' arguments in favor of a particular sentence because, in many circumstances, a court's *acknowledgment* of its consideration of the arguments will suffice." *United States v. Patterson*, 957 F.3d 426, 438 (4th Cir. 2020). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Slappy*, 872 F.3d at 207 (cleaned up).

Houston argues that the district court did not provide an adequate explanation for his sentence. In rejecting Houston's only argument in mitigation, the district court was required to "explain why [it did so] in a detailed-enough manner that this [c]ourt can meaningfully consider the procedural reasonableness of the revocation sentence imposed." *Slappy*, 872 F.3d at 208. Here, the district court acknowledged Houston's argument related to his good behavior while on supervision and explained that it was rejecting the argument because Houston's prior good behavior did not excuse his breach of trust. In addition, the court found that two and a half years of good behavior was relatively short and that the nature of the breach was very serious. Thus, while the court's explanation was brief, we find that it "satisfies the more relaxed standard for revocation sentencing," *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018), and is sufficient for us to determine that the district court adequately considered Houston's simple, straightforward argument. *See Slappy*, 872 F.3d at 209 (noting that even "relaxed requirements for revocation sentences are not satisfied" if district court "entirely fails to mention a party's nonfrivolous arguments

5

in favor of a particular sentence, or where the court fails to provide at least some reason why those arguments are unpersuasive").

Turning to the substantive reasonableness of Houston's sentence, his argument is conclusory, and he presents no basis to conclude that his sentence was not substantively reasonable. Essentially, Houston avers that it was unreasonable to sentence him to the maximum prison term followed by the maximum term of supervised release.

"A sentence within the policy statement range is presumed reasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). "That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the [relevant sentencing] factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted). Moreover, the court retains "broad discretion to impose a term of imprisonment up to the statutory maximum." *Padgett*, 788 F.3d at 373 (cleaned up).

Here, the court found that Houston's criminal conduct involving drugs and firearms was a serious breach of trust. This is a proper basis for a revocation sentence, and Houston makes no argument rebutting the presumption of reasonableness. Accordingly, Houston's revocation sentence is not substantively unreasonable.

As such, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*